UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FRANCISCO CHAVEZ,
   Plaintiff,

vs.                                                                 No. 08-1276,

SYLVIA MAHONE, et.al.,
   Defendants

CASE MANAGEMENT ORDER

This cause is before the court for case management and consideration of the plaintiff's second motion for appointment of counsel [d/e 32] and motion to amend or supplement his complaint [d/e 38].

I. BACKGROUND

On November 21, 2008, the court conducted a merit review of the plaintiff's original complaint and found that the plaintiff had stated the following claims:

   1) Defendants Medical Director Sylvia Mahone, Dr. Arthur Funk, CMT Birkel and
   Illinois Department of Corrections Director Roger Walker violated the plaintiff's
   Eighth Amendment rights at Pontiac Correctional Center when they were
   deliberately indifferent to the plaintiff's serious medical condition; and,
   2) Defendant Mahone, Funk, Birkel and Walker conspired to deprive the plaintiff
   of his Eighth Amendment rights when they denied him medical care.

The plaintiff stated that in April of 2007 his ear was injured and he was denied medical care until he was diagnosed with gangrene in May of 2007 and surgery was scheduled. The plaintiff also alleged that the defendants did not follow his surgeon's directions. The plaintiff claims he is permanently disfigured and continues to suffer in pain.

II. MOTION TO AMEND

The plaintiff has filed a motion for leave to amend and supplement his complaint. [d/e 38] The plaintiff has attached a proposed amended complaint to his motion. Federal Rule of Civil Procedure 15 reflects a liberal attitude toward the amendment of pleadings and courts should "freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The motion is therefore granted. However, the plaintiff is advised that although the court does grant pro se plaintiffs a degree of latitude, the court may deny future amendments for "undue delay, bad faith, dilatory motive, prejudice or futility." *General Electric Capital Corp. v Lease Resolution Corp*, 128 F.3d

1

1074, 1085 (7th cir. 1997).

The court is still required by 28 U.S.C. §1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff's amended complaint names the same four defendants. The plaintiff clarifies in his amended complaint that he suffered from an "infected keloid scar" on his ear from March 3, 2004 to May 7, 2007. (Comp, p. 5)[1] The plaintiff says he was denied medical care until it became obvious that he had gangrene. The plaintiff says the unnecessary delay in care caused permanent disfigurement and continued pain. The plaintiff further states that his ear was injured during yard time in April of 2007, but Defendant Birkel refused to provide him medical care which aggravated his condition.

The plaintiff has clearly articulated his intended claims in his amended complaint. (Comp, p. 9-14). The plaintiff has again alleged that Defendants Funk and Mahone repeatedly delayed medical care and were deliberately indifferent to his serious medical condition. However, the plaintiff also attempts to state claims against these individuals pursuant to the Americans with Disabilities (ADA), 42 U.S.C. § 12112(a).

The court will dismiss any intended ADA claims. First, the plaintiff has not properly alleged that he suffered from a disability as it is defined under 42 U.S.C. § 12102(2)c. In addition, the ADA confers rights on "qualified individual[s] with a disability" who are denied access to "services, programs, or activities of a public entity." 42 U.S.C. § 12132. But a prison official does not violate the ADA when failing "to attend to the medical needs of ... disabled prisoners." *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir.1996) (concluding that a hernia is not a disability under the ADA). In other words, a claim for inadequate medical care is improper under the ADA. *Id.* The ADA is an anti-discrimination statute, and the plaintiff has not alleged that he was discriminated against because he was disabled.

The plaintiff also alleges that the defendants violated his Fourth Amendment rights. The plaintiff says the plaintiff was denied medical information and therefore was unable to make an informed consent to medical care at the hospital. The plaintiff has failed to articulate a violation of his Fourth Amendment rights.

The plaintiff alleges that Defendant Birkel was also deliberately indifferent to his serious medical condition. The plaintiff says his ear was further injured during yard time on April 30, 2007. The plaintiff says on May 1, 2007, he showed Defendant Birkel that his ear was bleeding

---

[1] The amended complaint does not contain page numbers, so the court has numbered the pages for reference.

through the night, but he was refused medical care.  In May of 2007, the plaintiff says he again showed Defendant Birkel that "the wound was still bleeding, there was puss discharging from his ear, the wound became discolored, and aching." (Comp, p. 13)   The plaintiff says he was still denied medical care by this defendant.  The plaintiff has alleged a violation of his Eighth Amendment rights based on deliberate indifference to a serious medical condition.

The plaintiff makes only one claim against Defendant Walker in his amended complaint.  The plaintiff says he "seeks to enjoin any acts of the Defendant's office acting in concern with Defendant Mahone encouraging treating Doctors and Hospitals to withhold material medical information from the plaintiff." (Comp, p. 13). If the plaintiff is attempting to ask the court to issue a preliminary injunction, his motion fails.

The prerequisites to the granting of a preliminary injunction are well established.  To support the issuance of a preliminary injunction, a plaintiff must demonstrate:  (1) a reasonable likelihood of success on the merits; (2) the inadequacy of a remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not disserve the public interest.  Somerset House, Inc. v. Turnock, 900 F.2d 1012, 1014-15 (7th Cir. 1990).  The plaintiff must satisfy each of these elements to prevail. Id. at 1015

In the "factual allegation" portion of his complaint, the plaintiff states that Sylvia Mahone sent a memorandum to the emergency room doctor stating:

> In order to minimize potential problems between offenders and the department of corrections, do not discuss specific diagnostic or treatment plans with the offender. Rather, discuss finding in general and then indicate that you will discuss the diagnostic and treatment plans with cite medical director. (Comp., p. 8).

There is no indication that the plaintiff will have any further contact with outside hospitals or medical providers.  The plaintiff has clearly obtained a copy of his medical records based on his pleadings.  The plaintiff has not met his burden for granting a preliminary injunction.

The court notes that in the "factual allegation" portion of his complaint, the plaintiff also says he made Defendant Walker aware of his need for medical care on numerous occasions, but no action was taken. (Comp, p. 5)   For the purposes of notice pleading, the court finds the plaintiff has stated a claim against this individual.

Finally, the court notes that the plaintiff states he is also bringing a state law negligence claim, but he has failed to articulate this claim in the body of his complaint and it is not listed as a cause of action.  The court will therefore dismiss this claim.

III. MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff has field his second motion for appointment of counsel. [d/e 32] The plaintiff says he does not have the education or litigation experience to represent himself.  As previously noted, civil litigants have no federal right to appointed counsel.  The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment.  *Luttrell v. Nickel*, 129 F.3d 933,  936 (7th Cir.1997).  To decide whether counsel should be requested, the court asks,  "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'"  *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).   "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.

Although this case involves the plaintiff's medical treatment, at this point it does not appear so complex that the plaintiff is not competent to proceed pro se.  The difficulties faced by the plaintiff are the same faced by all pro se prisoners. Perhaps more importantly, the plaintiff has not shown enough factual merit to his claim of deliberate indifference to warrant an inference that counsel would make a difference in the outcome.  The motion is denied. [d/e 32]

**IT IS THEREFORE ORDERED that**:

**1) The plaintiff's motion for leave to file an amended complaint is granted. [d/e 38] The clerk of the court is directed fo file the amended complaint attached to the plaintiff's motion.**

**2) Based on its merit review of the amended complaint, the court finds that the plaintiff has alleged the following claim:  Defendants Medical Director Sylvia Mahone, Dr. Arthur Funk, CMT Birkel and Illinois Department of Corrections Director Roger Walker violated the plaintiff's Eighth Amendment rights at Pontiac Correctional Center when they were  deliberately indifferent to the plaintiff's serious medical condition.**

**3)  All other claims based on federal law, other than those set forth in paragraph (2) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**4)  This case shall proceed solely on those federal claims identified in paragraph (2) above.  Any claims not set forth in paragraph (2) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**5) A Scheduling order has previously been entered in this case.** *See* **December 1, 2008 Prisoner Scheduling Order. The defendants shall file an answer to the amended complaint within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**6) The court will abide by the following scheduling deadline in its August 31, 2009 Text Order.**

Entered this 25th  Day of September, 2009.


                              s\Harold A. Baker

                     _____
                              HAROLD A. BAKER
                         UNITED STATES DISTRICT JUDGE