UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FRANCISCO CHAVEZ,
    Plaintiff,

vs.                                            08-1276

SYLVIA MAHONE, et. al.,
    Defendants.

## CASE MANAGEMENT ORDER

    This cause is before the court for final pretrial conference. The Plaintiff appeared pro se. The Defendant was represented by Assistant Illinois Attorney General Chris Higgerson. The Plaintiff has one surviving claim that Corrections Medical Technician John Birkel was deliberately indifferent to the Plaintiff's serious medical condition in violation of the Eighth Amendment. The parties agree that the relevant time period is between April 30, 2007, when the Plaintiff was injured, and May 7, 2007 when the Plaintiff received medical care.

    The court first reviewed three motions filed by the Plaintiff. The Plaintiff's first motion asks to supplement his witness list and his exhibit list. [d/e 100]. The Plaintiff would like to add Defendant Birkel as well as Nurse Joyce Friel as witnesses. The Plaintiff then stated that since Nurse Friel is listed as a witness for the Defendants, he would wait and cross examine this witness. The Plaintiff also asked to add a page from the Merck Manual of Medicine concerning gas gangrene infections. The court stated that it would allow the Plaintiff to add this document to his exhibit list, but it would not be admitted at trial. The Plaintiff will be able to introduce his medical condition through witnesses.

    The Plaintiff's second motion asked for a copy of any local rules concerning pretrials and trials. [d/e 101]. The motion was filed too late to provide the Plaintiff with a copy of the rules concerning pretrials and there are no local rules concerning trials. The motion is therefore denied as moot. [d/e 101]. Nonetheless, the court outlined the procedures and format for the jury trial including: voir dire, the statement of the case, jury selection, opening statements, witness statements, impeachment, foundation, closing statements and jury instructions. The Plaintiff indicated that he understood the procedures that would be followed. The court also reviewed when the Plaintiff would prefer to call his witnesses and to the extent possible, the court will issue a video writ in accordance with his requests. The Plaintiff and the Defendant will appear in person. All other witnesses will appear by video conferencing.

    The Plaintiff's final motion asked the court to waive witness fees for four individuals. [d/e 102] The court is not authorized to waive these fees and therefore the motion is denied. *See McNeil v Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987). In addition, the parties do not have

1

current addresses for two of the individuals identified by the Plaintiff, so the court has no way to locate them. More importantly, the court notes that one of the witnesses, Dr. Sylvia Mahone, is also listed as a video witness for the Defendants and therefore will be made available for the Plaintiff. The court reviewed the evidence the Plaintiff sough to admit through the four individuals named in his motion and the Plaintiff agreed that he could elicit this testimony from Dr. Mahone. In addition, the parties are presenting the uncontested medical records as a joint exhibit it this case.

The Plaintiff stated that he also filed a motion to reconsider the court's February 28, 2011 order granting summary judgment for Defendant Mahone. *See* February 28, 2011 Summary Judgment Order. The Plaintiff says he e-filed the document in March 2011, but there is no record of this motion with the court. Therefore, if the Plaintiff still wishes to file this motion, he must file it within the next 14 days.

The court also reviewed the exhibit list with the parties. The Plaintiff was advised that if he wishes to submit documents such as the Illinois Department of Corrections Protocols, Health Care Unit Directives or the Orientation Manual, he must isolate the relevant portions. The Plaintiff should bring copies of his exhibits on the date of trial. The Defendant was advised that if he wishes to submit the Plaintiff's job assignment records or the Defendant's employee time sheet, he must have an appropriate records witnesses available to authenticate the documents as a business record. If the Defendant intends to add a records witness for this purpose, he must file a motion to amend the pretrial order within 30 days of this order. The motion must provide the name of the individual and the location of the video testimony.

The parties were reminded that the court will follow the Pretrial Order. Only witnesses and exhibits listed on the order will be considered during the trial.

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's motion to supplement his witness list and his exhibit list is granted as noted in this order. [d/e 100].**

**2) The Plaintiff's motion for a copy of local rules is denied as moot. [d/e 101]**

**3) The Plaintiff's motion to waive witness fees is denied. [102]**

**4) The clerk of the court is to immediately provide the parties with a copy of the questionnaire sent to potential jurors. Both parties must provide a copy of any additional questions they would like the court to ask the jurors. The parties should also provide the court with a proposed statement of the case, a complete set of proposed jury instructions and a list of all witnesses with each witness listed once. This information must be filed on or before Wednesday, July 27, 2011.**

**5) If the Plaintiff wishes to file a motion to reconsider the court's February 28, 2011 order granting summary judgment , he must file his motion within the next 14 days.**

**6) To avoid potential confusion, the clerk of the court is directed to change the caption of this case to *Chavez v. Birkel.***

**7) The jury trial in this matter is set for August 1, 2011 at 8:45 a.m. in Courtroom B in the United States Federal Courthouse in Peoria, Illinois. The clerk of the court is to issue a writ for the Plaintiff's personal appearance at trial. The clerk of the court is also directed to issue a video writ for the witnesses in the order, date and time stated during the pretrial conference.**

**8) The parties are to submit a revised pretrial order to the court on or before July 15, 2011 that includes only the changes made to the witness and exhibit list during the pretrial hearing. In addition, the order should reflect that Witness Dr. Mahone will appear by video conferencing and no subpoenas will be issued for witnesses Dr. Zhang, Dr. Sharif or Pamela McKenzie for the reasons stated in this order.**

Enter this 6th day of May, 2011.

s/Michael M. Mihm

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE